In the Matter of the APPLICATION FOR THE REMOVAL FROM THE REGISTRY LIST of the Third Election District of the Town of Altamont, Franklin County, New York, the Names Illegally Registered Thereon.

County Court, Franklin County, October 24, 1928.

*George J. Moore,* for the petitioner.

*John M. Cantwell, Jr.,* for two of the inspectors.

*Fred Ives,* inspector, appearing in person.

LAWRENCE, J. This proceeding is instituted under section 331 of the Election Law. It is based on section 151 of the Election Law. Petition was presented upon which an order to show cause was directed to the board of registration for the third election district of the town of Altamont, requiring them to show cause

why the names of various persons should not be stricken from their registers for such district. The board referred to met in their official capacity on October 13, 1928. The names of various persons from the Federal hospital at Tupper Lake were placed on the registers of two members of the board of registration, the other two members of the board refusing to place such names on their registers.

The Federal hospital referred to was built and is maintained by the United States for the treatment of soldiers and sailors afflicted with tuberculosis.

The petitioner is the town clerk of the town of Altamont. The petition divides the names which are sought to be stricken off into three classes: (a) Those persons who are patients at said hospital; (b) those persons who are employees at said hospital; (c) those persons who are the wives of patients or of employees.

Section 151 of the Election Law, which for present purposes is substantially the same as section 3 of article II of the Constitution, provides that for the purpose of registering and voting no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States, nor while kept at any almshouse or other asylum or institution wholly or partly supported at public expense or by charity.

There would seem to be no question but that the persons named in subdivision (a) of the petition are patients at said hospital. They have a domicile somewhere. They had a residence before they became such patients and the law above mentioned states in effect that their presence or absence at the institution is not to be considered in determining their domicile for voting. To put it another way, their domicile before they came to the institution is to continue until changed by acts and conditions independent of their presence at the institution. It is not wholly a question of intention, because intention alone is not sufficient. That intention or purpose must be evidenced by conduct, and in the case under consideration such conduct must be shown without reference to his or her presence at the institution.

It is suggested that the decision in this matter might be influenced by the fact that these men are World War veterans and that patriotism demands some mark of favoritism under the circumstances.

Such considerations have no place in judicial determination, and while I refuse to take any second place in my admiration and gratitude for their services I find it necessary to divorce such feeling from all questions to be determined in a judicial capacity.

The question of their possible disfranchisement is to be no more considered than any argument, which has been advanced by gossip, that the exercise of their right to vote on local questions would

result in their control of municipal affairs and take such control away from the community, which prior to the founding of the hospital existed as a separate municipality.

Decision of the issues here will not disfranchise any voter, but determine whether they may lawfully register and vote in election district No. 3 of the town of Altamont. The proceeding is to review the administrative act of the board of registration. It should be added that a voter may change his legal residence to the district where such institution is located, in spite of the fact that he is at the institution, but the facts to establish such change must be solely independent of his presence as a patient. It should not be accomplished by a statement of an intent to change, but must be manifested by conduct independent of his presence there and clear enough to overcome the natural presumption arising under the statute referred to.

In considering the names included in subdivision (a) of the petition in the light of these principles, I have examined such affidavits as have been submitted, as well as stipulations taken, and have indicated below, whether such persons may be properly registered as having shown an independent domicile such as should be required.

The name of John Hudak should be put on.

The names of Ralph Borehard, Vincent Burden, Fred J. Brumeberg, John J. Brennan, Peter Borelle, William Brandt, Michael Brew, Joseph Borden, Carmelo Barone, Edward Brachold, Alfred Casey, Anthony C. Couch, Joseph Capuano, Myran Colby, Michael Dodsworth, Louis Doerchug, George Dibbins, Edward Doherty, Charles Dage, Nicholas Decanella, Joseph Demelia, Manuel Damana, Roger Eason, Thomas Evans, William Eisler, Harry Edwards, James Foley, Amildo Greggio, Howard Gray, Preston Hawkes, Michael A. Hughes, John Healy, Thomas Hart, Paul Hollingsworth, Harry Hillebricht, Ambrose Hanagan, Frank Haines, Glenn Kane, John L. King, Henry J. Kenny, Samuel Little, Waldisla Levandowski, George Lustig, Peter Lowless, Frank Murphy, Vincent Mulready, George Meder, Nathan Nussbaun, John R. Nixon, John M. Newman, Benjamin Neustabt, John Neilson, William O'Neil, William Purtell, Michael Papero, Robert Schlag, William H. Shreve, David Seigel, John S. Stack, John S. Sweeney, Emile Schneider, William H. Taylor, Peter Vallinota, Albert P. Wetgen, Charles Waltz, David Weissberg, Edward Walsh, Jacob Young, Edward Jones, Michael J. Lyons, Thomas J. Murray, Paul J. McGraw, Peter McShene, John H. McEnroe, Roy F. Steinback, John E. Zisis, Alex Zygmontowich, Frank Michalek, Dan Sullivan and David E. Walsh should be stricken off.

Subdivision (b) of the petition alleges that several persons are

not eligible to vote and should not be registered by reason of their being employees at said Federal hospital and that their residence is only temporary by reason of their employment by the United States.

The same general rules would seem to apply to employees as to patients at the hospital and it has been, therefore, necessary to examine each individual case in order to determine whether sufficient information is given to overcome the natural presumption under the statute and whether any have established such a residence and domicile as would entitle them to be registered independently of their presence as an employee.

I give below the names of persons in subdivision (b) and a statement of whether such persons may be properly registered:

The names of Frederick La Fleur and Paul Bildoze should be put on.

The names of Fred Anderson, John Brennan, Gurney Davenport, William Hunt, Michael Lockerman, Paul Lamere, Alfred Mitchell, Sarah Anderson, Elizabeth Aiken, Rena Adams, Jennie Colligan, Edith Colburn, Nellie Carter, Margaret Hickey, Florence Morris, Amanda Pick, Rose Runck, Cary H. Stephens, Eva B. Sargent, Louis Trudel, Walter J. Tobin, Donald Wood, Sallie Whitmarsh, Earl J. Moore, Alta Moore, Edward Disney, Almetta Patton, Morris Reichard, Harry B. Williams, Robinson Adkins, Evelyn Burden, Lane Kline, Beatrice McCurdy, Joseph O'Brien, Daniel McManus, Dr. R. L. Cook and F. J. Rogers should be stricken off.

Subdivision (c) of the petition states that the inspectors have placed certain names on the registry who are wives of patients at said hospital or wives of employees at said hospital and who are temporarily residing in said district, by reason of the treatment or employment of their husbands. It is apparent that they are such wives and the same general rule would apply to them by reason of the principle that their residence follows that of their husband. In this connection, however, attention should be called to the recent statute giving women the right to vote. Presumably the residence of the wife follows that of the husband and she would be usually unable to gain an independent domicile unless the right of suffrage granted to women has changed the rule with reference to separate domicile for wives. She might establish such domicile independent of the presence of her husband at the institution, and if circumstances showed that the wife has the right to register by information furnished that might possibly carry with it the right of the husband to be registered.

Taking up the matter in that light I have examined the papers submitted and give below a statement of whether the persons whose names are set forth in subdivision (c) of the petition may be properly registered:

The names of Blanche Walsh, Constance Le Fleur and Louise Bildoze should be put on.

The names of Edith G. Jones, Florence Kline, Madeline L. Murray, Irma Steinbach, Julia Michaleck, Miriam Sullivan, Lois Disney, Jessie Patton, Freida Reichard, Elizabeth Williams, Catherine Cook and Mary L. Rogers should be stricken off.

Separate petitions were presented, asking that the board of registration be instructed to add the names of William N. Eisler and Michael A. Hughes to the registry. As those names are also contained in the other proceeding, such petitions were disposed of in such proceeding, the separate proceeding being considered in that connection.

Order may be prepared directing the board of registration for the third election district of the town of Altamont to reconvene on October 27, 1928, and to strike from the registers the names of such persons as are above listed to be stricken off and to put upon such registers the names of such persons as are above indicated to be put on, if they are not now on such registers.